LI & TSUKAZAKI,
Attorneys at Law, LLC

PHILLIP A. LI          4262-0
(pal01@hawaii.rr.com)
733 Bishop Street, Suite 1770
Honolulu, HI 96813
Telephone: (808) 524-4888
Facsimile: (808) 524-4887

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 0 2007

at 4 o'clock and 00 min P M
SUE BEITIA, CLERK

Attorneys for Plaintiffs
WARNER BROS. ENTERTAINMENT, INC.
And COLUMBIA PICTURES INDUSTRIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; and COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ORLANDO J. AUSTIN a/k/a ORLANDO AUGUSTIN, an individual; and "DOES 1-10, inclusive,"<br><br>Defendants. | CIVIL NO. 1:06-cv-00289-JMS-KSC<br><br>PLAINTIFFS' WARNER BROTHERS ENTERTAINMENT, INC. AND COLUMBIA PICTURES INDUSTRIES, INC.'S ~~PROPOSED~~ FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION |

**PLAINTIFFS' WARNER BROTHERS ENTERTAINMENT, INC. AND COLUMBIA PICTURES INDUSTRIES, INC.'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION**

Plaintiffs WARNER BROS. ENTERTAINMENT INC. and COLUMBIA PICTURES INDUSTRIES, INC. (collectively "Plaintiffs") submit their Proposed Findings of Fact and Conclusions of Law pursuant to the Court's directions given at the hearing on their Motion for Default Judgment ("Motion"), held on January 19, 2007.

## FINDINGS OF FACT

1. Plaintiffs are Delaware corporations having their principle places of business in California.

2. Plaintiffs engage in the business of motion picture production, acquisition, and distribution.

3. On June 20, 2006, Plaintiffs filed their First Amended Complaint (the "Complaint") alleging that: 1) they own the exclusive rights to "certain copyrighted motion pictures, including, but not limited to "Are We There Yet?", "House of Wax", "13 Going On 30" and "White Chicks"; 2) the motion pictures each have registered copyrights; 3) Defendant infringed upon Plaintiffs' rights by distributing copies of the motion pictures over the Internet

via a peer-to-peer network without Plaintiffs' authorization; and 4) Defendant's infringement was wilful because he either knew, or had reason to know, that his actions infringed upon Plaintiffs' copyrights. (Complaint at paragraphs 11—14)

4. Defendant did not respond to that Complaint.

5. Plaintiffs sought the following relief in their Prayer for Relief: 1) preliminary and permanent injunctions against Defendant enjoining Defendant from directly or indirectly infringing upon Plaintiffs' copyrighted motion pictures and requiring him to destroy all copies of Plaintiffs' motion pictures that he downloaded and/or copied onto any physical medium or devise in her possession, custody, or control; 2) actual or statutory damages pursuant to 17 U.S.C. § 504; 3) attorneys' fees and costs; and 4) any other relief the Court deems proper.

6. Plaintiffs served Defendant with a copy of the summons and the Complaint on July 12. 2006.

7. After Defendant failed to respond to the Complaint within the requisite twenty—day time period, Plaintiffs sent a letter to Defendant on August 18, 2006 advising him that he was subject to a default judgment if he continued to fail to respond.

8. Plaintiffs received no response to either the Complaint or letter, and subsequently filed a request for entry of default on September 20, 2006.

9. The Clerk of the Court entered default against Defendant on the same day.

10. Plaintiffs filed their Motion for Default Judgment on December 14, 2006, which Motion was set for hearing on January 19 2007.

11. Plaintiffs Motion sought (1) a permanent injunction enjoining Defendant from further infringing Plaintiffs' copyrights.

12. Plaintiffs also requested $6,000.00 in statutory damages pursuant to 17 U.S.C. § 504(c), representing $1,500.00 for each for four separate violations. (Memorandum in Support of Motion at p. 4).

13. In addition to the four motion pictures specifically identified in the complaint, Plaintiffs allege in the Motion that Defendant was offering numerous other motion pictures including but not limited to "Spider-Man 2", "You Got Served", "Honey", "New York Minute", "The Village", "The Lion King", "Meet the Fockers", "Mean Girls", and "The Stepford Wives", for public distribution through the peer-to—peer network. (Declaration of Thomas Carpenter in Supp. of Motion at ¶ 6.)]

14. MediaSentry, a unit that Plaintiffs hired to monitor and identify copyright infringement of certain motion pictures on peer-to-peer networks, was not able to download a all of Defendant's offering of the motion pictures that are subject to Plaintiffs' copyrights because of the size of the file. (Declaration of Thomas Carpenter at ¶¶ 6—7.)

15. Plaintiffs also requested leave to file separately a motion for attorneys' fees and costs that they have incurred in the instant action.

16. Plaintiffs' Motion was heard on January 19, 2007.

17. Phillip A. Li appeared on behalf of Plaintiffs.

18. No one appeared on behalf of Defendant Orlando Austin.

19. After careful consideration of the Motion and the representations of counsel, this Court hereby (1) finds that Defendant, without authorization, used an online distribution system to upload at least four of Plaintiffs' copyrighted works and distribute those works to the public, including by making them available for distribution by others, and (2) recommends that that the Motion be granted.

## CONCLUSIONS OF LAW

1. Plaintiffs have applied to this Court for default judgment in accordance with Fed. R. Civ. P. 55(b)(2).

2. "'The general rule of law is that upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917—18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).

3. A plaintiff who obtains an entry of default is not, however, entitled to default judgment as a matter of right. See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004).

4. In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros. 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471—72 (9th Cir. 1986)).

5. In the instant case, the factors that the Court must consider in deciding whether to grant default judgment fall largely in favor of Plaintiffs:

> (1) Defendant's failure to answer or otherwise appear in this action prejudices Plaintiffs' ability to achieve any decision in this action;
>
> (2) Plaintiffs have demonstrated that Defendant illegally offered copies of Plaintiffs' motion pictures for public distribution on a peer—to-peer network;
>
> (3) Plaintiffs' complaint sufficiently sets forth the elements to support the claim for copyright infringement; and
>
> (4) Plaintiffs allege that, by offering Plaintiffs' motion pictures for public distribution to "tens of thousands or even millions of others, Defendant has potentially deprived Plaintiffs of significant sales and profits . . . ."

6. Thus, although Plaintiffs have requested a relatively small amount of statutory damages, the amount of money ultimately at issue because of Defendant's illegal distribution is considerable. (Mem. in Supp. of Motion at 9.)

7. On balance, the record favors granting default judgment in favor of Plaintiffs.

8. Plaintiffs should be awarded $6,000.00 in statutory damages pursuant to 17 U.S.C. § 504(c) representing $1,500.00 for each of the four motion pictures "Are We There Yet?", "House of Wax", "13 Going On 30" and "White Chicks".

9. Defendant should be permanently enjoined from directly or indirectly infringing Plaintiffs' rights in "Are We There Yet?", "House of Wax", "13 Going On 30" and "White Chicks". Spider-Man 2", "You Got Served", "Honey", "New York Minute", "The Village", "The Lion King", "Meet the Fockers", "Mean Girls", and "The Stepford Wives" and any other motion picture, whether now in existence or later created, that are owned or controlled by Plaintiffs ("Plaintiffs' Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce or copy any of Plaintiffs' Motion Pictures, to distribute any of Plaintiffs' Motion Pictures, or to make any of Plaintiffs' Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

10. Defendant shall be ordered to destroy all copies of Plaintiffs' Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization, and destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in Defendant's possession, custody, or control.

11. Plaintiffs' request for leave to file its Motion for attorneys' fees and costs should be granted.

## RECOMMENDATION

On the basis of the foregoing, this court FINDS AND RECOMMENDS that Plaintiffs' Motion for Entry of Judgment by the Court, filed December 14, 2006, be GRANTED. This Court recommends that the district court:

1) AWARD statutory damages to Plaintiffs in the amount of $6,000.00;

2) ISSUE a permanent injunction against Defendant enjoining him from directly or indirectly infringing upon Plaintiffs' Motion Pictures; and

3) ORDER Defendant to destroy all copies in his possession, custody, or control of Plaintiffs' Motion Pictures that Defendant has downloaded without Plaintiffs' authorization.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, MAY 1 0 2007.

_____
JUDGE OF THE ABOVE-ENTITLED COURT

---

Warner Bros. Entertainment Inc., et al. v. Orlando J. Austin a/k/a Orlando Augustin, Civil No. 1:06-cv-00289-JMS-KSC; PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION